IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ISSAC ALI NAJI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-132 |
| | ) | |
| CITY OF AUGUSTA; RICHMOND | ) | |
| COUNTY SHERIFF'S OFFICE; OFFICER | ) | |
| HOOD; OFFICER MITCHELL; | ) | |
| SERGEANT ROBERTSON; and | ) | |
| SERGEANT ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at the Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      Screening the Complaint**

**A.      Background**

Plaintiff names the following Defendants: (1) City of Augusta; (2) Richmond County Sheriff's Office; (3) Officer Hood; (4) Officer Mitchell; and (5) Sergeant Roberts.[1] (See doc.

---

[1] When opening the case, the Clerk of Court separately listed "Sergeant Robertson" and "Sergeant Roberts" as Defendants. However, as is clear from the statement of claim and as described herein, there is only one "Sergeant Roberts" against whom Plaintiff raises claims.

no. 1, pp. 1-3, 5.) He sues Defendants in their individual and official capacities. (Id. at 2-3, 6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 15, 2021, Defendant Hood escorted Plaintiff, a pretrial detainee at the Jail,[2] to the medical department to have staples removed from a prior injury. (Id. at 4.) During the course of the medical visit, Plaintiff asked to stop the treatment and return to his cell. (Id. at 5.) On the way back to Plaintiff's cell, Defendant Hood wrestled Plaintiff to the ground, hit Plaintiff's head on the ground and wall several times while he was handcuffed, and choked Plaintiff until he was nearly unconscious. (Id.) Defendant Hood "proceeded to throw Plaintiff into a restraint chai[r] and left the Plaintiff there for several hours with no food or water and soiled in urine and feces." (Id.) Defendants Roberts and Mitchell watched Defendant Hood's mistreatment of Plaintiff but failed to intervene to stop him. (Id. at 6.) Plaintiff seeks an unspecified amount of damages against all Defendants, as well as a declaration that his constitutional rights have been violated. (Id.) Plaintiff also wants Defendants Hood, Roberts, and Mitchell to lose their jobs. (Id.)

B.  Discussion

1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

---

[2]Plaintiff asserts he is both a pretrial detainee and a convicted and sentenced state prisoner. (Doc. no. 1, p. 4.) However, for the purpose of screening the complaint, the Court presumes he was a pretrial detainee at the time of the alleged events – September 15, 2021 – because his list of open criminal cases in Richmond County start in 2022. See Richmond Cnty. Clerk of Court Web Docket, available at https://cocaugustaga.com/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Naji, Issac Ali," 2022RCCR00030, last visited Oct. 19, 2023); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction

3

N/A
N/A
N/A

does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against "Sergeant Robertson"

The caption of Plaintiff's complaint lists "Sergeant Robertson" as a Defendant, (doc. no. 1, p. 1), but the subsequent references to the only sergeant alleged to have had any involvement in Plaintiff's claims is "Sergeant Roberts," (id. at 5, 6).  As the substance of Plaintiff's complaint makes no allegations associating "Sergeant Robertson" with a purported constitutional violation, dismissal of this Defendant apparently misidentified on the docket is appropriate.  Stated otherwise, a defendant is properly dismissed where, other than naming the defendant in the caption of the complaint, a prisoner plaintiff fails to stay any allegations that associates the defendant with the purported constitutional violation.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).  Therefore, Defendant "Sergeant Robertson" should be dismissed.  By separate order, the Court has directed service of process on Defendant Sergeant Roberts, the sergeant whom Plaintiff alleges participated in the events alleged to have occurred at the Jail on September 15, 2021.

### 3. Plaintiff Fails to State a Claim Against Richmond County Sherriff's Department

Richmond County Sherriff's Department is not a proper party because sheriff's departments are not legal entities capable of being sued.  See Herrington v. Effingham Cnty.

4

Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr, 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same).  Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Thus, Defendant Richmond County Sheriff's Department is not capable of being sue and should be dismissed.

    **4. Plaintiff Fails to State a Claim Against the City of Augusta**

Under the Supreme Court's decision in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), a municipality can be subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts, the injury. . . ."  Id. at 694.  However, "[a] local government cannot be held liable under § 1983 on a *respondent superior* theory.  Instead, the policy or practice must be the moving force of the constitutional violation at issue.  Samples o/b/o Samples v. City of Atlanta, 846 F.2d 1328, 1333 (11th Cir. 1988) (internal citations and quotation marks omitted).

  As the presiding District Judge in this case has previously explained:

> [A county] . . . is not liable for § 1983 violations except for those policies and customs for which the county entity has some control and responsibility.  In Georgia, the sheriff's office [is] a separate constitutionally protected entity independent from [a county].  Georgia's Constitution does not grant counties

5

> legislative power or authority over sheriffs and expressly prevents counties from controlling or affecting the sheriff's elective county office. Specifically, counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement function or in the training or supervision of the sheriff's deputies. Furthermore, [t]he State, not counties, has the right to investigate and suspend sheriffs, and [s]heriffs alone hire and fire their deputies.

Smith v. Augusta-Richmond Cnty., CV 110-126, doc. no. 33, p. 8 (S.D. Ga. Sept. 9, 2011) (Hall, C.J.) (citing Grech v. Clayton Cnty., 335 F.3d 1326 (11th Cir. 2003) (internal citations and quotation marks omitted)).

Here, Plaintiff fails to identify any policies or practices of the City of Augusta that proximately caused the alleged constitutional deprivations and injuries. Indeed, he never even mentions the City of Augusta in his statement of claim, let alone identify or connect any particular policy to the wrongs allegedly committed by the individual employees at the Jail. As Plaintiff fails to provide any specific facts showing how any practice, policy, or custom of the City of Augusta was the "moving force" behind the alleged constitutional violations, Monell, 436 U.S. at 694, and as the City of Augusta does not control or affect personnel of the sheriff's office, this Defendant should be dismissed. See Grech, 335 F.3d at 1329-30, 1343, 1348.

### 5. Official Capacity Monetary Damages

To the extent Plaintiff is suing Defendants in their official capacities, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (Hall, C.J.) (explaining where sheriff and deputies are performing official and authorized duties as state actors, they are immune from money damages sought as part of § 1983 claim). Therefore, Plaintiff's official

capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II.     Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants "Sergeant Robertson," the City of Augusta, and Richmond County Sheriff's Office, along with all official capacity claims for monetary damages, be **DISMISSED** for failure to state a claim upon which relief may be granted.  By separate Order, the Court has directed service of process on Defendants Hood, Mitchell and Roberts for Plaintiff's excessive force and conditions of confinement claims.

SO REPORTED and RECOMMENDED this 19th day of October, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA