IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ISSAC ALI NAJI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 123-132 |
| ) | |
| CITY OF AUGUSTA; RICHMOND ) | |
| COUNTY SHERIFF'S OFFICE; OFFICER ) | |
| HOOD; OFFICER MITCHELL; ) | |
| SERGEANT ROBERTSON; and ) | |
| SERGEANT ROBERTS, ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**

_____

Plaintiff, currently detained at the Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.     **Screening the Complaint**

Plaintiff names the following Defendants: (1) City of Augusta; (2) Richmond County Sheriff's Office; (3) Officer Hood; (4) Officer Mitchell; and (5) Sergeant Roberts.[1] (See doc.

_____

[1] When opening the case, the Clerk of Court separately listed "Sergeant Robertson" and "Sergeant Roberts" as Defendants. However, as is clear from the statement of claim and as described herein, there is only one "Sergeant Roberts" against whom Plaintiff raises claims.

no. 1, pp. 1-3, 5.)  He sues Defendants in their individual and official capacities.  (Id. at 2-3, 6.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 15, 2021, Defendant Hood escorted Plaintiff, a pretrial detainee at the Jail,[2] to the medical department to have staples removed from a prior injury.  (Id. at 4.)  During the course of the medical visit, Plaintiff asked to stop the treatment and return to his cell.  (Id. at 5.)  On the way back to Plaintiff's cell, Defendant Hood wrestled Plaintiff to the ground, hit Plaintiff's head on the ground and wall several times while he was handcuffed, and choked Plaintiff until he was nearly unconscious.  (Id.)  Defendant Hood "proceeded to throw Plaintiff into a restraint chai[r] and left the Plaintiff there for several hours with no food or water and soiled in urine and feces."  (Id.)  Defendants Roberts and Mitchell watched Defendant Hood's mistreatment of Plaintiff but failed to intervene to stop him.  (Id. at 6.)  Plaintiff seeks an unspecified amount damages against all Defendants, as well as a declaration that his constitutional rights have been violated.  (Id.)  Plaintiff also wants Defendants Hood, Roberts, and Mitchell to lose their jobs.  (Id.)

---

[2]Plaintiff asserts he is both a pretrial detainee and a convicted and sentenced state prisoner. (Doc. no. 1, p. 4.)  However, for the purpose of screening the complaint, the Court presumes he was a pretrial detainee at the time of the alleged events – September 15, 2021 – because his list of open criminal cases in Richmond County start in 2022.  See Richmond Cnty. Clerk of Court Web Docket, available at https://cocaugustaga.com/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Naji, Issac Ali," 2022RCCR00030, last visited Oct. 19, 2023); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably states a viable excessive force claim against Defendant Hood.  See Robinson v. Lambert, 753 F. App'x 777, 780 (11th Cir. 2018) (*per curiam*) ("For an excessive force claim, a pretrial detainee must show that the force used against him was objectively unreasonable." (citing Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)).  The Court also finds Plaintiff arguably states a viable claim against Defendants Roberts and Mitchell for failing to intervene when they witnessed Defendant Hood's use of force against Plaintiff.  See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015) ("An officer who is present at the scene and fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." (alterations and citations omitted)).  Finally, the Court finds Plaintiff arguably states a viable conditions of confinement claim against Defendants Hood, Roberts, and Mitchell based on the allegations of the denial of food, water, and a bathroom for several hours after Defendant Hood's use of force.  Grochowski v. Clayton Cnty., 961 F.3d 1311, 1318 (11th Cir. 2020).  In a companion Report and Recommendation, the Court recommends dismissal of "Sergeant Robertson," the City of Augusta, and Richmond County Sheriff's Office, as well as any official capacity claims for monetary damages.

## II.    Instructions

**IT IS HEREBY ORDERED** service of process shall be effected on Defendants Hood, Roberts, and Mitchell.  The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that each Defendant waive formal service of the

summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P.  4(d)(3).  However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate each Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending

action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.  The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery.  <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery).  Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories shall not contain more than twenty-five questions.  <u>Id.</u>  Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party.  Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the

defendant(s) and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any

factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 19th day of October, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA